REESE v. BLACK STAR COAL CORP.

Court of Appeals of Kentucky.

Jan. 16, 1953.

J. J. Tye, Barbourville, for appellant.

Hiram H. Owens, Barbourville, for appellee.

DUNCAN, Justice.

This appeal involves the ownership of approximately eight acres of land in Knox County, Kentucky. Its correct determination requires that we resolve a conflict in the degree of the first line as it appears in the original deed and the same instrument as recorded.

F. M. Reese, the father of appellant, conveyed a tract of land to appellee's predecessor in title on June 8, 1898. A photostatic copy of the original deed shows the degree and distance of the first line as S. 7 degrees W. 765 feet, and recites that the boundary conveyed contains twenty acres. Certified and photostatic copies of the same instrument taken from the deed book in the office of the county court clerk show the same line as S. 70 degrees W. 705 feet, and the boundary conveyed as twelve acres. Appellant contends that the evidence compels the conclusion that the degree as shown in the recorded copy is correct. Appellee insists and the lower court found that the degree given in the original instrument should be followed.

Several circumstances are relied upon as supporting the position of appellant. It is insisted that by following the degree given in the original deed the survey will not close. It is also shown that F. M. Reese on one or more occasions sold timber which was cut by the purchasers beyond the line claimed by appellee. It is further pointed out that by the use of the degree contained in the original deed and following the coal levels which are called for there are actually twenty-nine lines rather than the twenty-one as described in the deed.

Appellee admits that the lines of the deed literally followed will not close. It is pointed out in explanation of that fact that the eleventh line of the deed which calls "N. 24 W." should have been "S. 24 E." and that by the use of the latter degree the survey will close. It is also insisted that it is not unusual for a surveyor to look at the wrong end of the magnetic needle in his compass and say in his notes "south" whereas the compass barrel is pointing north. The increased number of lines in appellee's survey is explained by the assertion that the present location by appellee's surveyor more minutely follows the coal levels than the survey prepared for the purpose of describing the land in the deed.

Appellee introduces, as supporting the degree given in the original deed, a photostatic copy of the original notes made by the surveyor who prepared the description which was used in the deed. The surveyor's notes agree with this deed in showing the first line to be S. 7 degrees W. The original letter from the attorney for appellee's predecessor, transmitting the deed to his client, is also introduced, and this letter refers to the deed as conveying a twenty-acre boundary.

As we view the case, there is no occasion to look to the circumstances supporting either the calls of the original or the recorded copy of the deed. In the conflict between the two, we have no alternative but to resolve the conflict in favor of the original instrument.

Originally, under the best evidence rule, copies of recorded private instruments were not admissible until the absence of the original had been accounted for. Generally, the rule has been relaxed by statute in most States and when an attested or certified copy of the record of such instrument has been introduced, it is usually treated as the original. However, statutory relaxation of the best evidence rule is merely a rule of convenience and in no event could be considered as making a certified copy of equal dignity to the original instrument in the event of a conflict between the two. This view is supported by our own statute on the subject. KRS 422.020(2) provides:

"Certified copies of all instruments legally recorded are prima facie evidence in all courts of this state."

The fact that such copies are only prima facie evidence of the contents leads indisputably to the conclusion that copies must yield to the originals. The court properly adopted the degree shown in the original deed.

■ Counsel for appellant insists in his brief that the main question to be decided on the appeal is whether the first line is S. 70 degrees W. or S. 7 degrees W. What we have said disposes of this issue. On other questions, the evidence is conflicting but is sufficient to support the finding of the Chancellor.

The judgment is affirmed.